Treat, C. J. This was an action of covenant brought by The City of Chicago against Dyer and others. The defendants pleaded several pleas, on which issues of fact were formed. The jury returned a verdict for the defendants, on all of the issues. A motion for a new trial was made and refused. The Court then sustained an application to set aside the verdict, and permit the plaintiff to submit to a nonsuit. That decision is assigned for error. There was a trial on the merits, and a finding in favor of the defendants on all of the issues. No error had intervened to the prejudice of the plaintiff, and a motion for a new trial was denied. In this state of case, the defendants were clearly entitled to a judgment on the verdict—a judgment conclusive of the matters submitted to the jury. Instead of entering such a judgment, the Court sustained an application to set aside the verdict, and allow the ¡Dlaintiff to suffer a nonsuit; thereby depriving the defendants of their right to a final judgment, and leaving the whole subject matter of the suit open and undetermined. This action of the Court cannot be considered as a reconsideration and allowance of the motion for a new trial. It was not the understanding of the parties, nor the design of the Court. The verdict was vacated for the sole purpose of enabling the plaintiff to suffer a non-suit. It was in effect permitting the plaintiff to dismiss the case after verdict. A plaintiff has no right to a nonsuit after the case has been submitted to a jury. The statute provides, that “Every person desirous of suffering a nonsuit on trial, shall be barred therefrom, unless he do so before the jury retire from the bar.” E. S., ch. 83, § 29. But it is insisted, that it is within the discretion of the Court to permit a plaintiff to become nonsuit after verdict. The Court possesses no such discretion. In the case of Price v. Parker, 1 Salkeld, 178, it is said: “Upon a motion to discontinue upon payment of costs, the Court held, that after a general verdict there can be no leave to discontinue; for that would be having as many new trials as the plaintiff pleases; but that after a special verdict there may, because that is not complete and final; but in that case it is a great favor.” In the case of the Judge of Probate v. Abbot, 13 New Hampshire, 21, where the authorities on this question arc collected and considered, the Court came to the conclusion that a plaintiff could not become nonsuit after verdict. The judgment is reversed, and the cause remanded, with directions to the Court to enter final judgment for the defendants on the verdict. Judgment reversed.